UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VECTRUS SYSTEMS CORPORATION
and INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,
        Petitioners,

v.                                          Case No. 3:23-cv-200-HES-MCR

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR and TALISHA ROSE
        Respondents.
_____/

## O R D E R

This cause comes before the Court on the Director, Officer of Workers' Compensation Programs, United States Department of Labor's "Motion to Dismiss for Lack of Jurisdiction" (Dkt. 7), "Respondent Talisha K. Rose's Response to Motion to Dismiss for Lack of Jurisdiction and for Award of Attorneys' Fees and Costs Under Longshore Act 26 or Fed. R. App. P. 38" (Dkt. 13), "Vectrus Systems Corporation and Insurance Company of the State of Pennsylvania's Consolidated Response to Respondents' Motion to Dismiss" (Dkt. 14), "Director's Reply to Petitioners' Response to Motion to Dismiss" (Dkt. 19), and "Director's Motion to Extend Briefing" (Dkt. 21).

## I. Background

On October 31, 2016, Talisha Rose filed a claim for benefits under the Defense Base Act of 1941, 42 U.S.C. § 1651, et seq. ("DBA"), which extends coverage of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. ("Longshore Act") to individuals working on military bases outside the United States. Rose alleged a cumulative psychological injury, through May 21, 2013, arising out of and in the course of her employment with Vectrus Systems Corporation in Afghanistan (Dkt. 1, ¶4). The matter proceeded to a formal hearing where the administrative law judge ("ALJ") denied benefits because Rose did not establish she had an injury and so failed to establish a prima facie case to invoke the section 20(a) presumption. *See* 33 U.S.C. § 920 (a). Rose sought review by the United States Department of Labor Benefits Review Board ("Board") who affirmed (Dkt. 1, ¶7; Dkt. 1-2). She moved for en banc reconsideration (Dkt. 1, ¶11). The en banc Board granted Rose's motion and remanded on the grounds the ALJ applied the incorrect standard of proof (Dkt. 1, §9, Dkt. 1-3).

Petitioners, Vectrus Systems Corporation, and Insurance Company of the State of Pennsylvania ("Petitioners"), appeal the Board's decision and order on reconsideration (Dkt. 1, ¶9). Petitioners argue the Board erred in remanding the case because it instructed the ALJ to apply a burden of production instead of a burden of persuasion (Dkt. 14 at 4).

2

Respondents, the Director, Office of Workers' Compensation Programs, United States Department of Labor, and Talisha Rose, ("Respondents") move to dismiss asserting this Court does not have jurisdiction because the en banc remand order is not a final order (Dkts. 7, 13). Petitioners concede it is not a final order but argue this Court has jurisdiction under the collateral order exception under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ("*Cohen* exception" or "collateral order exception") or the *Leedom v. Kyne*, 358 U.S. 184 (1958) exception (Dkt. 14).

## II. Jurisdiction

Rose filed her claim for benefits under the DBA, which incorporates by reference many provisions of the Longshore Act. The DBA and Longshore Act differ on whether review takes place in the district or appellate courts. While the Longshore Act provides that judicial review occurs at the appellate courts, the DBA provides that jurisdiction resides with the federal district courts. *See* 33 U.S.C. § 921(c); 42 U.S.C. § 1651(a). The Eleventh Circuit held that DBA's jurisdictional provision controls. *ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1274 (11th Cir. 1998). Thus, this Court may have jurisdiction over the present dispute, even though a contrary result would follow if the claim had not arisen on an overseas military installation.

Judicial review, however, is generally limited to "[a]ny person adversely affected or aggrieved by a *final order* of the Board . . . ." 33 U.S.C. § 921(c)

(emphasis added). An order is a final order for appellate review if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Jacksonville Shipyards, Inc. v. Est. of Verderane*, 729 F.2d 726, 727 n.1 (11th Cir. 1984) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). "An order remanding a matter to an administrative agency for further findings is not considered final for the purposes of appellate review." *Cooper Stevedoring Co. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 826 F.2d 1011, 1014 (11th Cir. 1987). Petitioners concede that the Board's en banc order is not final (Dkt. 14 at 7). But they argue this Court can review the order under the *Cohen* and *Kyne* exceptions (Dkt. 14).

### III. Analysis

#### A. Collateral Order Exception

The Supreme Court established the collateral order exception in *Cohen*. The Court rejected the argument that appeals are only allowed from final judgments. *Id.* at 545-46. Instead, the Court held that there is "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546. *Cohen*'s narrow exception permits appeals from a non-final order that "[1] conclusively determine the disputed question, [2] resolve an important issue completely

separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Failing to satisfy any of the three prongs prevents this Court from applying the collateral order doctrine. *Id.* at 1199. The Supreme Court emphasized that the collateral order doctrine has a modest scope "[a]nd we have meant what we have said; although the court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 350 (2006).

Petitioners assert that the *Cohen* exception applies because it is a "pure question of law" and if they prevail on remand then the order would be unreviewable on appeal. This Court finds Petitioners arguments unavailing because it fails the second and third prongs of *Cohen*. So this Court need not discuss the first prong. *See Beach TV Cable Co. v. Comcast of Fla./Ga., LLC*, 808 F.3d 1284, 1292 (11th Cir. 2015); *Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1178 (10th Cir. 2005) ("Because this court determines that the district court's order in this case did not resolve an issue that was completely separate from the merits, it need not reach the other two prongs of the collateral order test.").

### i. The Issue Must be Resolved Separately from the Merits

Petitioners cannot meet *Cohen*'s second prong because claimant's burden is not wholly separate from the merits. The second prong is not met if it "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action . . . or where the decision will substantially overlap factual and legal issues of the underlying dispute . . . ." *Beach TV Cable Co.*, 808 F.3d at 1290 (citations and quotations omitted). *Cohen* requires "the appeal be to resolve an important issue completely separate from the merits." *Harper v. Bowen*, 854 F.2d 678, 681-82 (4th Cir. 1988). The Fourth Circuit is instructive as it held that even if the court committed an error of law in allocating the burden, "the issue sought to be reviewed is inextricably entwined with the merits so that the *Cohen* exception is inapplicable." *Id.* at 682. Whether the en banc Board properly instructed the ALJ on the correct burden substantially overlaps the factual and legal issues of the underlying dispute. Thus, the Board's decision to remand is not collateral to the merits and the second *Cohen* exception does not apply.

Petitioners' reliance on *Boroski v. Dyncorp Int'l*, No. 3:09-CV-240-J-20JRK, 2010 WL 11507749 (M.D. Fla. Aug. 11, 2010) (Schlesinger, J.) is misplaced. In *Boroski*, this Court held the narrow exception applied because there was a clear division on the merits. *Id.* at *3. Congress specifically stated that benefits should be received pending review. *Id.* That is not the case here.

### ii. Unreviewable on Appeal

Petitioners cannot satisfy the third *Cohen* prong that the order will be effectively unreviewable on appeal from a final judgment. The Eleventh Circuit held the collateral order exception does not apply because a Board's construction of a statute "will remain subject to review upon final judgment." *Cooper Stevedoring Co.*, 826 F.2d at 1014 n. 10 (11th Cir. 1987); *see also Bish v. Brady-Hamilton Stevedore Co.*, 880 F.2d 1135, 1137-38 (9th Cir. 1989) (holding that the collateral order exception does not apply because "remanding the case to the ALJ for application of the new legal standard" does not satisfy the third part of the test).

Here, the final order will remain subject to this Court's review upon the Board's final order. *See* 33 U.S.C. § 921(c). Petitioners contend if they prevail on remand, the issue will be moot. Yet the Supreme Court has rejected this reasoning because "one of the principal reasons to await the termination of agency proceedings is to obviate all occasion for judicial review. Thus, the possibility that [appellant's] challenge may be mooted in adjudication warrants the requirement that [appellant] pursue adjudication, not shortcut it." *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 n. 11 (1980) (citations and quotations omitted). *Cohen*'s third prong is not met. Because the Petitioners fail to meet the second and third prongs of *Cohen*, this Court does not have jurisdiction.

## B. The *Kyne* Exception

Petitioners assert this Court has jurisdiction under the narrow exception to the final agency action requirement, set forth in *Leedom v. Kyne*, 358 U.S. 184 (1958). They argue the *Kyne* exception applies because the en banc Board erroneously remanded the case to the ALJ instructing it to apply a burden of production rather than a burden of persuasion. Petitioners argue this alleged error is a *"summa or magna"* error and so this Court has jurisdiction to set aside the en banc order.

In *Kyne*, the Supreme Court allowed review of whether the National Labor Relations Board ("NLRB")'s certification of a collective bargaining agent could be challenged in federal district court when that certification order fell outside the NLRB's power as defined by the National Labor Relations Act. *Id.* at 186-87. The Court held (1) the certification order would never be subject to review as a final agency order; and (2) the agency violated a "clear and mandatory" prohibition. *Id.* at 188-91.

The *Kyne* exception, however, is seldomly used. It is an "extraordinary remedy of judicial intervention in agency proceedings still in progress" and only available if "necessary to vindicate an unambiguous statutory or constitutional right." *Am. Gen. Ins. Co. v. Fed. Trade Comm'n*, 496 F.2d 197,

8

200 (5th Cir. 1974).[1] The error must be "gross or egregious to provide an exception." *Id.* In other words the error must be "of a summa or magna quality as contraposed to decisions which are simply cum error." *United States v. Feaster*, 410 F.2d 1354, 1368 (5th Cir. 1969). Because of this very stringent standard, the *Kyne* exception is "narrow and rarely successfully invoked . . . ." *Id.*; *see also Nyunt v. Chairman, Broad. Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009) ("[A] *Leedom v. Kyne* claim is essentially a Hail Mary pass—and in court as in football, the attempt rarely succeeds.").

This Court cannot say that the en banc Board committed a gross or egregious error to vest the district court with jurisdiction. At this stage in the proceedings, this Court will not decide the merits, but the en banc order shows that the burden of proof required for the claimant invoking the Section 20(a) presumption is unsettled (Dkt. 13-2 at 17). *Compare Maher Terminals, Inc. v. Dir., Off. of Workers Comp. Programs*, 992 F.2d 1277, 1279 (3d Cir. 1993), *aff'd sub nom. Greenwich Collieries*, 512 U.S. at 281 (" . . . the claimant bears the initial burden of production . . . .") and *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 650 (9th Cir. 2010) ("Although the burden of persuasion remains on the disability claimant throughout the administrative process . . . the burden

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh circuit adopted as precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of production shifts in the course of determining whether a claimant's injury is work-related.") *with Bis Salamis, Inc. v. Dir., Off. of Worker' Comp. Programs,* 819 F.3d 116, 127 (5th Cir. 2016) ("[The] ALJ may make credibility determinations in ascertaining whether a claimant has made a prima facie case" indicating the claimant's burden is greater than one of production.).

Because of this circuit split, this Court cannot say the en banc order violated a clear and mandatory provision of the Act.[2] Second, as explained earlier, the final agency order is reviewable by this Court. *See Kyne*, 358 U.S. at 190-91; *Bd. of Governors of Fed. Rsrv. Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 44-45 (1991) (reversing the court of appeals because the Act "expressly provides [appellant] with a meaningful and adequate opportunity for judicial review . . . ."). Thus, the question of what burden applies at claimant's invocation of the Section 20 presumption "is better left to a review of any final order which may be entered in this case." *Am. Gen. Ins. Co.*, 496 F.2d at 200.

---

[2] Petitioners assert that *Greenwich Collieries* prohibited any other burden other than a burden of persuasion. Yet, the "the Court did not extend this rule to statutory presumptions such as the one in section 20(a), and indeed indicated that such presumptions-including the presumptions in section 20, which it specifically enumerated-remained undisturbed by the Court's broader holding regarding the burden of proof in LHWCA actions more generally." *McLean Contracting Co., Inc. v. Midkiff*, 173 F.3d 851, at * 3 (4th Cir. 1999).

### C. Attorney Fees

Rose requests costs including attorneys' fees because she contends the Petitioners' appeal was instituted "without reasonable grounds" and is a "frivolous appeal." Dkt. 13 at 8-9. This Court disagrees. While this Court does not have jurisdiction under the *Cohen* and *Kyne* exceptions, there were reasonable grounds for Petitioners' appeal. Rose is not entitled to costs under Section 26 of the Longshore Act, 33 U.S.C. § 926 and is not entitled to fees under Fed. R. App. P. 38.

Accordingly, it is **ORDERED**:

1. The Director, Office of Workers' Compensation Programs, United States Department of Labor's "Motion to Dismiss for Lack of Jurisdiction" (Dkt. 7), is **GRANTED**;

2. "Respondent Talisha K. Rose's Response to Motion to Dismiss for Lack of Jurisdiction and for Award of Attorneys' Fees and Costs Under Longshore Act 26 or Fed. R. App. P. 38" (Dkt. 13) is **GRANTED** in part as to the Motion to Dismiss for Lack of Jurisdiction and **DENIED** in part as to her request for costs and attorneys' fees;

3. The "Director's Motion to Extend Briefing" (Dkt. 21) is **DENIED as moot**; and

4. The Clerk is directed to terminate all pending motions and close this file.

**DONE AND ENTERED** at Jacksonville, Florida, this 24th day of August 2023.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

Edwin Brooks Barnes, Esq.
Matthew Wade Boyle, Esq.
Jon B. Robinson, Esq.